

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1967

Hon. D. C. Klein
Chairman, State Board of Registration
  for Professional Engineers
John H. Reagan Building
Austin, Texas

Opinion No. M-30

Re: Construction of
Section 12(a), Arti-
cle 3271a, V.C.S.,
the Texas Engineer-
ing Practice Act.

Dear Mr. Klein:

You have requested the opinion of this office regarding the construction of Section 12(a), Article 3271a, Vernon's Civil Statutes, the Texas Engineering Practice Act. Section 12(a) is quoted as follows:

"Section 12. General Requirements for Registration. The following shall be considered as minimum evidence satisfactory to the Board that the applicant is qualified for registration as a professional engineer, to wit:

"(a) Graduation from an approved course in engineering of four (4) years or more in a recognized school or college approved by the Board as of satisfactory standing, and a specific record of an additional four (4) years or more of active practice in engineering work, of a character satisfactory to the Board, indicating that the applicant is competent to be placed in responsible charge of such work;"

We now quote the following portions from your letter of request:

"Under the Board's present Rule VII and Rule XVIII, the only approved course in engineering recognized as qualification for licensing under Section 12 (a) of the Act is an 'Engineering degree,' meaning a 'Baccalaureate degree, and in certain cases, an advanced degree in Engineering.' Under this Rule the Board rejects applications for licensure under Section

- 130 -

12 (a) of applicants with four years or more of
active practice in engineering work, but whose
education consists of graduation from a course
of four years or more with a Baccalaureate degree
in one of the mathematical or physical sciences.
For example:  an applicant with a Baccalaureate
degree in Physics from the University of Texas
with four years of active experience in engineering
work of a character satisfactory to the Board; an
applicant with a Baccalaureate degree in mathe-
matics from the University of Texas with four years
of active experience in engineering work of a
character satisfactory to the Board.  Such appli-
cants often are recognized by their colleagues,
by industry and by the government of the United
States as qualified engineers and are actually
performing engineering tasks of the highest order.
Yet, under its Rule VII and Rule XVIII the Board
has refused to license such applicants under
Section 12(a) because their degree was not desig-
nated a degree in engineering.

".  .  .  .

"In modern technology engineers and scientists
often play identical roles.  Many scientists func-
tion essentially as engineers; many engineers devote
themselves to scholarly scientific pursuits.  Also,
in education, that which one accredited college or
university calls a science course or degree is
called an engineering course or degree in another
approved college or university.  A Baccalaureate
degree in the physical or mathematical sciences
often requires substantially the same or similar
courses as a Baccalaureate degree in engineering.
It is the opinion of the Board that there are many
highly qualified engineers in Texas today who have
more than four years of active practice in engineer-
ing work of the most advanced nature but with accred-
ited degrees in the mathematical or physical sciences
rather than an engineering degree.

"I, therefore, respectfully request your opinion
as to whether or not the Board would be authorized to
amend its rules and regulations to permit licensing
under Section 12 (a) of applicants who have a specific
record of four years or more of active practice in
engineering work, of a character satisfactory to the
Board, indicating that the applicant is competent to

be placed in responsible charge of such work, and who have graduated from a recognized school or college approved by the Board as of satisfactory standing with a degree or degrees in the mathematical or physical sciences after four years or more of:

"(a)  courses in the mathematical and physical sciences; or,
"(b)  courses in the mathematical sciences; or,
"(c)  courses in the physical sciences; or,
"(d)  courses in the mathematical and engineering sciences; or,
"(e)  courses in the physical and engineering sciences; or,
"(f)  courses in the physical, mathematical and engineering sciences; or,
"(g)  courses in the engineering sciences."

In 1965, the 59th Legislature amended the Engineering Practice Act by the addition of several sections, one of which was Section 1.1.  This Section reads in part as follows:

"In recognition of the vital impact which the rapid advance of knowledge of the mathematical, physical and engineering sciences as applied in the practice of engineering is having upon the lives, property, economy and security of our people and the national defense, ----"

Another Section which was added in 1965 is Section 20(1), which is quoted as follows:

"Qualified scientists engaged in scientific research and investigation of the physical or natural sciences, including the usual work and activities of meteorologists, seismologists, geologists, chemists, geochemists, physicists and geophysicists."

We note that the extensive amendments in 1965 did not include any amendment to Section 12(a), and the educational requirements for registration as a professional engineer remain the same.

We recognize the fact that great strides in technology are having the effect of blurring the lines between the various technical disciplines.  Nevertheless, it is not the function of this office to enlarge or in any way modify the statutory requirements as laid down by the Legislature; neither does the

State Board of Registration for Professional Engineers have this power. Only the Legislature has the power to make the necessary factual determinations that may be occasioned by an alteration of the accustomed procedures in a licensed profession. You are accordingly advised that it is the opinion of this office that the Board may not amend its rules and regulations to permit licensing, under Section 12(a), of graduates from other than an approved course in engineering.

It is recognized that different educational institutions may have varying methods of identifying their degree programs. Nevertheless, the power of the Board is limited to an examination of a particular degree program in engineering in order to ascertain that it meets certain minimum standards of educational achievement.

## S U M M A R Y

Under the terms of Section 12(a), Article 3271a, V.C.S., the Texas Engineering Practice Act, the State Board of Registration for Professional Engineers does not have the power to amend its rules to permit the licensing of persons who hold a degree other than one evidencing graduation from an approved course in engineering.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Mario Obledo
John Banks
Pat Bailey
Houghton Brownlee
John Reeves

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.